# IN THE COURT OF APPEALS OF IOWA

No. 11-1946
Filed July 16, 2014

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**RACHEL ELIZABETH CLAY,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

 Defendant appeals her conviction for domestic abuse assault, enhanced.

**AFFIRMED.**

 Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, Sue Swan and Shana Guthrie, Assistant County Attorneys, and Stephanie Koltookian, Student Legal Intern, for appellee.

 Considered by Vogel, P.J., Doyle, J., and Mahan, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Defendant appeals her conviction for domestic abuse assault, enhanced. She claims her equal protection rights were violated when the prosecutor struck the only African-American on the jury panel. The prosecutor gave sufficient racially-neutral reasons for striking the juror—his previous conviction, his employment, and a relative had been a victim of a crime. The prosecutor had eliminated other prospective jurors for these same reasons. We affirm the decision of the district court denying defendant's challenge based on *Batson v. Kentucky*, 476 U.S. 79 (1986), and affirm her conviction.

### I.  Background Facts & Proceedings.

On September 17, 2010, Rachel Clay was charged with domestic abuse assault causing bodily injury, enhanced. The State alleged Clay had injured her ex-husband and that she had a prior conviction for domestic abuse assault causing bodily injury.

The jury trial commenced on September 6, 2011. During the jury selection process, the prosecutor used a peremptory challenge to strike Sauya Ammar, the only African-American on the jury panel. Clay, who is also an African-American, objected on the basis of *Batson*. The prosecutor gave three reasons for striking Ammar: (1) he had a previous conviction for operating while intoxicated (OWI); (2) he worked at the Iowa Department of Human Services (DHS); and (3) his cousin had been murdered. The prosecutor noted she had eliminated other prospective jurors for these same reasons. The district court concluded the prosecutor's reasons for striking Ammar were racially neutral.

The jury found Clay guilty of the lesser-included offense of domestic abuse assault. The offense was an aggravated misdemeanor due to Clay's previous conviction for domestic abuse assault. *See* Iowa Code § 708.2A(3)(b) (2009). She was sentenced to a term of imprisonment not to exceed two years, with all but seven days suspended. Clay now appeals her conviction, claiming her equal protection rights were violated when the prosecutor struck the only African-American on the jury panel.

## II. Standard of Review.

On constitutional issues, our review is de novo. *State v. Mootz*, 808 N.W.2d 207, 214 (Iowa 2012). "In cases where the prosecution has been accused of using strikes to engage in purposeful racial discrimination, we have given a great deal of deference to the district court's evaluation of credibility when determining the true motives of the attorney when making strikes." *Id.*

## III. Merits.

It is a violation of the Equal Protection Clause if the State excludes members of the defendant's race from the jury due to purposeful racial discrimination. *Batson*, 476 U.S. at 86. A defendant has the burden to present "a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Id.* at 93-94. Once this showing has been made, "the burden shifts to the State to explain adequately the racial exclusion." *Id.* at 94. The State must show it used permissibly racially-neutral selection criteria. *Id.*

On appeal, the State contends Clay did not present a prima facie case of purposeful discrimination. Before the district court, however, the prosecutor did

not argue this aspect of the case, but instead immediately began explaining her reasons for excluding Ammar. Even if we assume Clay presented a prima facie case, however, the dispositive issue is whether the State met its burden to articulate a clear and reasonably specific racially neutral explanation for its action. *See Hernandez v. New York*, 500 U.S. 352, 359 (1991) ("Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot.").

The prosecutor stated:

> Well, Your Honor, the State did consider [Ammar's] OWI in deciding that he was inappropriate. We think—previously to this I eliminated people with a history, but I also struck Jennifer Oliver. Her brother is awaiting a trial in a criminal case.
> I would also note that he works at DHS. I don't know what job he has there at DHS. But I also struck Miss Boatright that works at DHS for reasons that may have to come into with family strife.
> I struck Mr. Ammar, whose cousin was murdered. We struck Miss Praska, whose son was murdered. And also Miss Key, who had a son who was murdered. And also I struck Miss Boatright, who has a son and daughter who previously were incarcerated, and Miss Smith whose nephew was in prison for drugs. I did strike a good number because family members or themselves had been victims or been charged with crimes. So for those three reasons— Mr. Ammar's place of employment, his previous conviction, and the fact that his cousin was a crime victim.

The district court heard the prosecutor's explanation and stated, "I do find that the reasons for Mr. Ammar being stricken as a member of this jury are racially neutral." We give "a great deal of deference to the district court's evaluation of credibility when determining the true motives of the attorney when making strikes." *Mootz*, 808 N.W.2d at 214. On our de novo review we agree

with the district court's conclusion. For each of the reasons given by the prosecutor for striking Ammar, the prosecutor had excluded at least one other juror who was not African-American for the same reason. We determine the State met its burden to articulate a clear and reasonably specific racially-neutral explanation for striking the only African-American on the jury panel.

We affirm the decision of the district court denying Clay's *Batson* challenge. We affirm her conviction for domestic abuse assault, enhanced.

**AFFIRMED.**